UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ELIZABETH PAPPAS,              )
    *Plaintiff*,                )
                               )
    *vs*.                       )     1:11-cv-0681-JMS-MJD
                               )
TARGET CORPORATION, *et al.*,  )
    *Defendants.*               )

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

In May 2011, Defendants removed Plaintiff Elizabeth Pappas' personal injury action to this Court from Marion Superior Court. [Dkt. 1.] Defendants did so, alleging that this Court can exercise diversity jurisdiction under 28 U.S.C. § 1441. [Dkt. 1 at 2 ¶ 4.] Defendants have now answered Ms. Pappas' state court complaint. [Dkts. 14; 16.]

Defendants allege that Ms. Pappas is a citizen of Indiana. [Dkt. 1 at 2 ¶ 8.] Ms. Pappas' state court complaint, however, only asserts that she is a resident of Indiana. [Dkt. 1-2 at 1 ¶ 1.] "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Moreover, Local Rule 81.1 requires the party seeking removal to "certify that the amount of damages at issue satisfies the jurisdictional amount requirement." The determination of the jurisdictional amount must be made on the date of removal. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2007). Consistent with the Seventh Circuit holding in *Meridian Sec. Ins. Co. v. Sadowki*, 441 F.3d 536, 541-42 (7th Cir. 2006), a removing defendant may establish what plaintiff stands to recover—and thus the amount in controversy—by calculation from the complaint's allegations and/or by reference to plaintiff's informal estimates or settlement demands.

*Id.* at 541. A plaintiff's refusal to stipulate that his damages did not exceed $75,000 creates an inference that the plaintiff is seeking damages in excess of the jurisdictional amount in some circumstances. *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000).

Defendants allege "upon information and belief" that the amount in controversy exceeds $75,000 because of the extent of Ms. Pappas' injuries. [Dkt. 1 at 2 ¶ 7.] While Ms. Pappas briefly details her injuries in her state court complaint, she does not detail the amount of treatment she sought and it is unclear how Defendants arrived at the conclusion that more than $75,000, exclusive of interest and costs, is at issue in this case. Jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported). Therefore, Defendants' allegations made on "information and belief" regarding the amount in controversy are insufficient to invoke this Court's diversity jurisdiction, and do not meet the certification requirement in Local Rule 81.1.

For these reasons, the Court **ORDERS** the parties to file a joint jurisdiction statement by **July 6, 2011**, certifying that Ms. Pappas is an Indiana citizen and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. L.R. 81.1. If the parties cannot agree on Ms. Pappas' citizenship, the amount in controversy, or any other jurisdictional requirement, they are ordered to file competing jurisdictional statements by that date setting forth their positions.

06/27/2011

*signature*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Rachel K. Hehner
SCHULTZ & POGUE LLP
rhehner@schultzpoguelaw.com

Jeffrey Alan Musser
ROCAP WITCHGER
jam@rocap-witchger.com

Michael C. Peek
CHRISTOPHER & TAYLOR
mickpeek@abatelegal.com

Peter H. Pogue
SCHULTZ & POGUE LLP
ppogue@schultzpoguelaw.com

James D. Witchger
ROCAP WITCHGER
jdw@rocap-witchger.com